IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GINGER RAY, | ) | |
| | ) | |
| Plaintiff, | ) | 7:07CV5016 |
| | ) | |
| v. | ) | |
| | ) | |
| CENTRAL GARDEN AND PET Company, a Delaware Corporation, PENNINGTON SEED, INC., a Delaware Corporation, and PENNINGTON SEED OF NEBRASKA, INC., a Nebraska Corporation, | ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the motion for summary judgment filed by Central Garden and Pet Company, Pennington Seed, Inc., and Pennington Seed of Nebraska, Inc. (collectively, "Pennington" or "the employer"), Filing No. 37; the employer's motion to strike certain exhibits submitted in opposition to its motion, Filing No. 50; and plaintiff's motion to submit supplemental evidence, Filing No. 58.  This is an action for discrimination in employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1101 *et seq*.  The plaintiff asserts claims of hostile work environment, constructive discharge, and gender discrimination.

**I.      Motion to Strike and Motion to Submit Supplemental Evidence**

The employer moves to strike Exs. 6, 7, and 8, which are investigatory reports prepared by the Nebraska Equal Employment Commission in connection with the plaintiff's complaint of discrimination.  In her motion for leave to submit additional evidence, plaintiff

seeks to cure alleged deficiencies in those exhibits. The court need not consider the merits of either motion because the summary judgment motion can be resolved without reference to those exhibits. Accordingly, in light of the court's resolution of the summary judgment motions, the related motions will be denied as moot.

### II.     Motion for Summary Judgment

In motion for summary judgment, Pennington argues that the evidence is insufficient to establish a hostile environment claim. It argues that Ms. Ray has not shown that the harassment was so severe and pervasive that it affected a term or condition of her employment. Also, it asserts that the plaintiff cannot establish that Pennington knew or should have known of the harassment by the plaintiff's co-workers so as to impute liability to the employer. Further, Pennigton asserts that the plaintiff cannot establish that she suffered a tangible employment action in that she has not shown that she was constructively discharged. Pennington also contends that the undisputed evidence shows that it is entitled to the defense set out in *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775, 807-08 (1998) ("the *Ellerth/Farragher* defense"). In support of and in opposition to the motion, both parties submit deposition testimony, affidavits and exhibits produced at depositions.

### A.     Facts

The parties agree on certain uncontroverted facts. The plaintiff was employed as an administrative assistant at Pennington Seed's Sidney, Nebraska plant. She alleges she was harassed and intimidated by four employees of Pennington Seed: Ed Phillips, Scott Smith, Ron Sherman and Wade Dickinson. Her immediate supervisor was Ed Phillips and her second-level supervisor was Scott Smith. The plaintiff admits that

production supervisor Ron Sherman and grain merchandiser Dickinson did not have any supervisory authority over her. Ms. Ray worked in the plant's main office along with Ed Phillips, Robert Clark, the shipping coordinator, and Doug Kripal, a maintenance manager. Although she acknowledges that she signed for receipt of an employee handbook, she does not believe she received a copy of the handbook. She does not recall receiving any harassment training.

Plaintiff testified that Ed Phillips sexually harassed her by using "nasty language" and calling female employees "stupid, ignorant bitches" or "ignorant dumb bitches," calling a truck driver a "slut," and using the word "whore." Filing No. 39, Index of Evidence ("Evid."), Exhibit ("Ex.") 1, Deposition of Ginger Ray ("Ray Dep.") at 69. She testified that she was subjected to audible "dirty e-mails" from Phillips and Scott Smith. *Id.* at 71, 49. She also asserts that Ron Sherman touched her inappropriately on several occasions. Filing No. 44, Index of Evid., Ex. 15, Affidavit of Ginger Ray ("Ray Aff.") at 2. She states that Sherman made offensive comments about her body. *Id.* The plaintiff further testified that her co-worker, Wade Dickinson, made offensive comments concerning women and had offensive screen savers on his computer. Ray Dep. at 96-97. Dickinson admits that he had a screen saver on his computer that showed women in swimsuits and cut-offs. Filing No. 39, Index of Evid., Ex. 24, Dickinson Dep. at 37.

The plaintiff testified that she reported Sherman's inappropriate touching, the harassment and the offensive e-mails to her immediate supervisor, Ed Phillips. Ray Dep. at 77-78, 89; Filing No. 44, Ex. 15, Ray Aff. at 2. She also stated that she told Robert Clark, another Pennigton supervisor, about Sherman's offensive conduct. *Id.* at 85. She testified that one of the incidents that led to her resignation was a comment by Mr. Phillips

to Mr. Dickinson about a female truck driver that "if you're trying to get in that girl's pants, you're going about it the wrong way." Filing No. 39, Index of Evid., Ex. 1, Ray Dep. at 62. Ron Sherman testified that he was aware of another complaint of harassment. Filing No. 39, Index of Evid., Ex. 21, Deposition of Ron Sherman at 33-29-30. A former Pennington employee, Brenda Elsen, also testified that she had been subjected to inappropriate touching by Ron Sherman and reported it to Scott Smith, but the conduct continued. Filing No. 44, Index of Evid., Ex. 4, Deposition of Brenda Elsen at 25-27.

   **B.** **Law**

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Therefore, if a defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Id.*, 398 U.S. at 159-60. Once a defendant meets its initial burden of showing there is no genuine issue of material fact, however, a plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e)(2); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998).

"In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th

Cir. 2003); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (on motion for summary judgment, district court should not weigh evidence or attempt to determine truth of matter). The court must simply determine whether there exists a genuine dispute of material fact. *Bassett v. City of Minneapolis,* 211F.3d 1097, 1107 (8th Cir. 2000). The district court views the evidence and draws all inferences in a light most favorable to the nonmoving party. *Anda v. Wickes Furniture Co.,* 517 F.3d 526, 531 (8th Cir. 2008). Summary judgment should seldom be granted in discrimination cases. *Heaser v. Toro,* 247 F.3d 826, 830 (8th Cir. 2001)

Title VII prohibits employers from discriminating based on sex with respect to compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 2000e-2(a)(1). "'Discrimination based on sex that creates a hostile or abusive working environment violates Title VII.'" *Jenkins v. Winter*, 540 F.3d 742, 748n (8th Cir. 2008) (*quoting Brenneman v. Famous Dave's of Am., Inc.*, 507 F.3d 1139, 1143 (8th Cir. 2007)). A hostile work environment arises when sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. *Anda*, 517 F.3d at 531.

To establish a prima facie hostile work environment claim for harassment by a supervisor, a plaintiff must prove: (1) that she was a member of a protected group; (2) that unwelcome harassment occurred; (3) a causal nexus between the harassment and her membership in the protected group; and (4) that the harassment affected a term, condition, or privilege of employment. *Jenkins*, 540 F.3d at 748. For harassment by a co-worker, a plaintiff must additionally prove that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Id.* at 748-49.

If a prima facie case is shown, the employer is vicariously liable unless it demonstrates that it is entitled to the *Ellerth/Faragher* affirmative defense. *See Brenneman v. Famous Dave's,* 507 F.3d at 1144. Under *Ellerth/Farragher*, an employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. *Faragher*, 524 U.S. at 807. The *Ellerth-Faragher* defense has two elements: (1) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (2) the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to otherwise avoid harm. *Jenkins*, 540 F.3d at 750-51. The first element has two prongs: prevention and correction. *Id.* at 751. Under the prevention prong, the employer must have exercised reasonable care to prevent sexual harassment. *Brenneman*, 507 F.3d at 1145. Although having an anti-harassment policy is not in itself enough to show that a defendant exercised reasonable care, distribution of a valid policy provides compelling—but not dispositive—proof of preventing sexual harassment. *See id.* The correction prong requires the employer to show it promptly corrected any sexual harassment that occurred. *Id.* In applying the correction prong, the employer's notice of the harassment is of paramount importance. *Jenkins, 540 F.3d at 751.*

No affirmative defense is available, however, when a supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment. *Id.*; *Brenneman*, 507 F.3d at 1144. "'A tangible employment action is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant

change in benefits.'" *Id*. (*quoting Brenneman*, 507 F.3d at 1144) (internal quotation marks omitted).

### C.   Analysis

The court has reviewed the evidence submitted in connection with the motion. Viewed in the light most favorable to the plaintiff, the court finds the plaintiff has presented evidence sufficient to withstand a motion for summary judgment.  There is evidence that supervisors and co-workers made arguably negative or offensive comments about women. As a woman, Ms. Ray is a member of a protected group, she has presented evidence of unwelcome harassment, and the harassment was related to her gender.  The court finds there are genuine issues of material fact with respect to the severity and pervasiveness of the conduct, whether Pennington knew or should have known of the conduct, and whether the plaintiff was constructively discharged.  Resolution of these issues involves determinations of credibility and presents a question of fact for the jury.

Moreover, the evidence does not establish that the employer has sustained its burden with respect to the *Ellerth/Farragher* defense.  Although the employer has shown that it had an anti-harassment policy, it has not shown that the policy was adequately enforced or that it promptly corrected any harassment that occurred. Accordingly, the court finds that the employer's motion for summary judgment should be denied.

IT IS ORDERED:

1. The employer's motion to strike certain exhibits (Filing No. 50) is denied as moot.

2. The plaintiff's motion to submit supplemental evidence (Filing No. 58) is denied as moot.

3. The employer's motion for summary judgment (Filing No. 37) is denied.

DATED this 9th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

8